UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. CASON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00478-SEP |
| | ) |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendants' Motion to Dismiss Case, Doc. [10], and Motion for More Definite Statement, Doc. [12]. For the reasons set forth below, the Court grants the former and denies the latter.

**FACTS AND BACKGROUND**[1]

Plaintiff Karen Cason, a 70-year-old African American female, worked for Defendant St. Louis Public Schools (SLPS) for approximately ten years. Doc. [1] ¶ 17-18. In August 2010, SLPS hired Plaintiff to conduct student disciplinary hearings and place students in alternative schools. *Id.* ¶ 18. In March 2011, Plaintiff took a position at SLPS as Supervisor of Innovative Pathways, a long-term alternative education program for students exhibiting serious or persistent misconduct. *Id.* ¶ 19. Plaintiff never received a workplace evaluation or other performance review while employed at SLPS. *Id.* ¶ 21. From August 2010 to March 2019, SLPS appointed or promoted seven different males as Plaintiff's supervisor. *Id.* ¶ 22. Those individuals held unadvertised positions entitled "Assistant Superintendent" or "Deputy Superintendent" and were assigned to supervise the Plaintiff, despite having fewer qualifications than Plaintiff, relative to her job duties. *Id.* ¶ 23. In March 2019, SLPS promoted Rosemary Howard, a female, to Chief of Staff; she became Plaintiff's supervisor. *Id.* ¶ 24. According to Plaintiff, Howard's promotion was pretextual, and she left that position a year later. *Id.* From March 2020 until Plaintiff's termination, Superintendent Kelvin Adams was Plaintiff's direct supervisor. *Id.* ¶ 25.

Plaintiff claims to have suffered harassment, hostility, and discrimination from Defendants from 2014 until her termination on June 3, 2021. *Id.* ¶ 27. In December 2015,

---

[1] For purposes of a motion to dismiss, the Court assumes that the factual allegations in the complaint, Doc. [1], are true. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

Plaintiff's job title was changed to Administrative Review Officer without her knowledge. *Id.* ¶ 28.  That same job title was also given to Grayling Tobias, a male employee whom Plaintiff mentored and who became her supervisor. *Id.* ¶ 30.  Plaintiff's new position did not have a job description. *Id.* ¶ 28.  In July 2016, SLPS advertised the position of Director of Alternative Education. *Id.* ¶ 29.  Plaintiff applied and interviewed for that position, but it was given to her supervisor, Tobias, even though he did not interview for the position. *Id.* ¶¶ 29-30.  Plaintiff claims that she reported bullying and harassment by her supervisors to school board members as well as Kelvin Adams. *Id.* ¶ 31.  She also alleges that she spoke at school board meetings about the inequities and mistreatment she suffered, to no avail. *Id.*

Plaintiff filed EEOC charges alleging discrimination against Defendants on February 12, 2018, and February 6, 2019. *Id.* ¶ 26.  She was issued right-to-sue letters pursuant to those charges. *Id.*  In December 2018, she was disciplined with 60 days without pay for allegedly failing to tell her supervisor that she was leaving for lunch four months earlier. *Id.* ¶ 32.  Plaintiff claims that she was never required to report a lunch break during her employment with SLPS. *Id.*  From May 2020 until her termination, Plaintiff complained at least weekly to SLPS board members about the promotion of men hired for unadvertised jobs to supervisory positions over her and the hostile work environment she endured. *Id.* ¶ 34.  On June 3, 2021, Plaintiff was advised that her job was no longer necessary due to a decline in enrollment and was instructed to hand over her badge and keys. *Id.* ¶ 36.  She was then escorted out of the building and told to arrange to retrieve her property. *Id.*  According to Plaintiff, enrollment did not decline, and at the time of the filing of the complaint, her exact job responsibilities were being performed another male employee whose position was never advertised. *Id.* ¶ 37.

On December 17, 2021, Plaintiff filed a charge discrimination and retaliation with the Missouri Commission on Human Rights against Defendant SLPS. *Id.* ¶ 12.  Ten days later, she filed a complaint with the Equal Employment Opportunity Commission (EEOC). *Id.* ¶ 13.  On January 27, 2021, Plaintiff received a Notice of Right to Sue from the EEOC. *Id.* ¶ 14.

On April 26, 2022, Plaintiff filed a complaint in this Court against SLPS, the Board of Education of SLPS, and Kelvin Adams, the Superintendent of SLPS. *See* Doc. [1].  In Count I, she alleges gender discrimination under Title VII and the Missouri Human Rights Act (MHRA). *Id.* ¶¶ 38-45.  In Count II, she alleges retaliation under Title VII and the MHRA. *Id.* ¶¶ 46-53.  In Count III, she brings a 42 U.S.C. § 1983 claim. *Id.* ¶¶ 54-57.  And in Count IV, Plaintiff

brings a state law claim of intentional infliction of emotional distress. *Id.* ¶¶ 58-62. Defendants move to dismiss her MHRA gender discrimination claim in Count I, as well as Counts II, III, and IV in their entirety. Doc. [10]. Defendants also move for a more definite statement as to the remaining claim in Count I: Plaintiff's Title VII gender discrimination claim. Doc. [12].

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The requirement of facial plausibility means the factual content of the plaintiffs' allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff. . . ." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). But if a claim fails to allege one of the elements necessary to recover on a legal theory, the court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements," do not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although courts must accept all factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 677-78.

## DISCUSSION

### I. Motion to Dismiss

Defendants argue that Plaintiff fails to allege sufficient facts to support the required elements for Counts II, III, and IV, or for her MHRA gender discrimination claim in Count I. *See* Doc. [11]. The Court agrees and dismisses the complaint as to those claims.

### A. Count I (MHRA gender discrimination claim) and Count II

Plaintiff brings claims against Defendants for gender discrimination under Title VII[2] and the MHRA (Count I) and retaliation under Title VII and the MHRA (Count II). Doc. [1] ¶¶ 38-53. Per the Complaint: "On December 17, 2021, [Plaintiff] filed a timely charge of discrimination and retaliation with the Missouri Commission on Human Rights against the Defendant, SLPS." Doc. [1] ¶ 12. Defendants argue that "Plaintiff's MHRA gender discrimination and retaliation claims in Counts I and II must be dismissed because Plaintiff did not file a timely charge of discrimination with the Missouri Commission on Human Rights (MCHR)." Doc. [4] at 3. As for Plaintiff's Title VII retaliation claim in Count II, Defendants argue that "Plaintiff has failed to exhaust her administrative remedies" because her Title VII "Charge . . . does not properly allege a claim of retaliation." Doc. [11] at 6-7.

   *i. MHRA gender discrimination and retaliation claims*

To bring an action under the MHRA, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the MCHR within 180 days of the alleged discriminatory act. Mo. Rev. Stat. § 213.075.1. Failure to timely file a charge is a "complete defense," requiring dismissal of the allegations related to that charge. *Id.*; *see also L.B. v. Jefferson City Sch. Dist.*, 833 F. App'x 40, 42 (8th Cir. 2021). "Any act of discrimination occurring outside this 180-day period is considered merely an unfortunate event in history which has no present legal consequences." *Pollock v. Wetterau Food Distrib. Grp.*, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999) (internal quotation marks and citation omitted).

Plaintiff claims to have filed her charge on December 17, 2021, Doc. [1] ¶ 12, and would thereby have exhausted her administrative remedies for discriminatory acts that occurred on or after June 20, 2021. But all of the alleged discriminatory acts in Plaintiff's complaint, up to her termination on June 3, 2021, occurred before June 20, 2021. *See id.* ¶¶ 27-29, 32, 34, 36, 40, 48. Plaintiff presents no facts that might excuse her from the timely filing requirement due to "waiver, estoppel, [or] equitable tolling, including the 'continuing violation' theory exception." *Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 252 (Mo. Ct. App. 2012). Thus, Plaintiff's discrimination and retaliation claims under the MHRA are time-barred and must be dismissed.

If Plaintiff had timely filed her charge of discrimination for those claims, they would still fail because she does not allege that she obtained a right-to-sue letter from the MCHR. "Before

---

[2] The Court takes up Plaintiff's remaining Title VII gender discrimination claim below. *See infra* Part II.

4

initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citing *Tart v. Hill Behan Lumber*, 31 F.3d 668, 671 (8th Cir. 1994)). In her response, Plaintiff claims that she was issued a right-to-sue letter by the MCHR on July 22, 2022, citing "Exhibit 3" of her complaint. Doc. [14] at 4. Exhibit 3 contains only a Notice of Right to Sue from the EEOC on January 27, 2022. *See* Doc. [1-3]. "A right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue letter from the MCHR." *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 136 (citing *Whitmore v. O'Connor Mgmt. Inc.*, 156 F.3d 796, 800 (8th Cir. 1998)). No right-to-sue letter from the MCHR is attached to Plaintiff's complaint. Because she has failed to plead or otherwise establish that she received a right-to-sue letter from the MCHR, the Court finds that Plaintiff failed to adequately exhaust her remedies at the administrative level as to her discrimination and retaliation claims under the MHRA.

    ii.   Title VII retaliation claim

 "A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006). "A claimant must first timely file an administrative charge with the EEOC" setting forth the facts and nature of the charge. *Id.* (citing 42 U.S.C. § 2000e-5(e)). "If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because 'the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.'" *Id.* (citing *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998)). "[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022) (quoting *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688-89 (8th Cir. 1998)). "To establish a prima facie case of retaliation, [Plaintiff] must show (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal connection between the protected activity and the adverse employment action." *Shanklin v. Fitzgerald*, 397 F.3d 596, 603 (8th Cir. 2005) (internal citation omitted).

 While Plaintiff does not include a copy of her EEOC charge with her complaint, Defendants attached her charge as "Exhibit A" to their motion to dismiss. Doc. [11-1]. "[A]n

EEOC charge is a part of the public record and may be considered on a motion to dismiss." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). Upon review of the charge, the Court agrees that Plaintiff failed to exhaust her administrative remedies as to her retaliation claim.

Plaintiff checked the "race", "sex," and "age" boxes in the section of the EEOC charge titled "CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*." Doc. [11-1] at 1. She did not check the "retaliation" box in that same section of the charge. She also failed to allege facts that might enable the Court to infer a link between any protected activity and subsequent adverse employment action. Plaintiff's charge summarizes her claims as follows:

> 1. I was hired by the above-named employer on or about 08/2010, as an Innovative Pathways Supervisor. On or about June 2021, I was reassigned as the Administrative Review officer with the same duties and responsibilities. On or about 06/03/2021, my employer eliminated my position.
>
> 2. Respondent Karli Dozier, Employee Relations communicated on or about 06/03/2021 that my former position, Administrative Review Officer, was being eliminated due to decline in student enrollment. My job duties as an Administrative Review Officer, were reassigned to another employee, male, black, and approximately 50 years of age.
>
> 3. I believe that I was retaliated and discriminated against because of my race, African American, age, 69, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act.

*Id.* While Plaintiff stated a belief that she was retaliated against, she did not allege that she had engaged in protected activity, nor does the charge allude to any protected activity. Thus, Plaintiff's allegations in Count II that she was retaliated against for complaining about discrimination and harassment, Doc. [1] ¶¶ 46-53, are not "like or reasonably related to the substance of the allegations in the administrative charge." *Cottrill*, 443 F.3d 629, 634; *see also, e.g.*, *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (plaintiff failed to exhaust administrative remedies on race discrimination claim where EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); *Nunley v. Ethel Hedgeman Lyle Acad.*, 2011 WL 147864, at *4 (E.D. Mo. Jan. 18, 2011) (plaintiff failed to exhaust administrative remedies on retaliation claim where "she did not check the box for retaliation on her EEOC charge, and the charge does not hint of any adverse employment action taken against her"). Accordingly, the Court finds that she did not exhaust her administrative remedies with respect to her Title VII retaliation claim.

6

### B. Count III

In Count III, Plaintiff alleges that Defendants "subjected [her] to deprivation of her rights" in violation of 42 U.S.C. § 1983. Doc. [1] § 56. Defendants argue that Count III must be dismissed because Plaintiff "fails to identify any specific constitutional right that any specific Defendants violated." Doc. [11] at 9. The Court agrees.

"To establish a section 1983 cause of action, [Plaintiff] must establish she was deprived of a right 'secured by the Constitution and laws' of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law." *Ottman v. City of Indep.*, 341 F.3d 751, 756 (8th Cir. 2003) (citing 42 U.S.C. § 1983, and *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). Plaintiff fails to state an actionable § 1983 claim because she neither identifies any specific constitutional right that Defendants allegedly violated nor alleges sufficient facts to state a § 1983 claim. Her complaint presents only vague and conclusory accusations, including that she suffered "harassment, hostility, and discrimination from the Defendants," that she "reported constant bullying, in the form of yelling and other intimidating stances, and harassment . . . to no avail," and that she "was subjected to adverse and tangible employment actions including but not limited to failure to promote, denial of pay raises, failure to receive support staff, and termination of employment." Doc. [1] ¶¶ 27, 31, 35. Such allegations do not provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even with the benefit of a liberal construction and all reasonable inferences drawn in her favor, Plaintiff has not set forth sufficient factual content to support an inference that Defendants violated her constitutional rights while acting under color of state law. Count III is dismissed.

### C. Count IV

In Count IV, Plaintiff brings a state law claim for intentional infliction of emotional distress. The exclusivity provision of the Missouri workers' compensation statute provides that:

> The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of such accidental injury as death, except such rights and remedies as are not provided for by this chapter.

Mo. Rev. Stat. § 287.120.2. While the exclusivity provision "cannot preempt an employee's federally-created right to recover damages under Title VII . . . [or] the MHRA," *Varner v. National Super Markets, Inc.*, 94 F.3d 1209 (8th Cir. 1996), "Missouri courts have held that the exclusivity provision bars *common law* tort actions that arise out of incidents covered by the

workers' compensation act statute." *Id.* at 1212 (emphasis added); *see also Hardebeck v. Warner-Jenkinson Co.*, 108 F. Supp. 2d 1062, 1065 (E.D. Mo. 2000) ("[C]ourts have consistently dismissed . . . common-law tort claims as preempted by the Missouri Workers' Compensation Act."). Because Plaintiff does not mention Title VII or the MHRA as the foundation for relief in Count IV, the Court finds that she brings her claim for intentional infliction of emotional distress under Missouri common law, which is preempted by the Missouri Workers' Compensation Act. Count IV is dismissed.

### D. Dismissal of Defendants SLPS and Superintendent Adams

In their motion to dismiss, Defendants also argue that SLPS and Kelvin Adams, the Superintendent of SLPS, should be dismissed as defendants in this case. Doc. [11] at 12. According to Defendants, the Board of Education of SLPS "is the governing body of the St. Louis Public Schools with the statutory capacity to sue or be sued." *Id.* (citing Mo. Rev. Stat. § 162.571). Missouri law states that "[t]he board of education, by and in that name, may sue and be sued, purchase, receive, hold and sell property, and, except as otherwise provided in section 162.621, do all things necessary to accomplish the purpose for which the school district is organized." Mo. Rev. Stat. § 162.571. But that statute says nothing about whether SLPS may sue and be sued, and Defendants cite no on-point case law. Thus, Defendants have failed to show that SLPS must be dismissed from this case.

Defendants also ask the Court to dismiss Superintendent Adams because the claims against him "are . . . redundant of the claims against the Board and must be dismissed." Doc. [11] at 12. According to Defendants, "there are no allegations against Superintendent Adams acting outside of his employment," only "official capacity claims that are essentially claims against the district." *Id.* at 13.

Pursuant to this Order, Plaintiff's only remaining claim is her Title VII gender discrimination claim in Count I. Plaintiff may not bring such a claim against Superintendent Adams in his individual capacity. *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 860 n.2 (8th Cir. 2009) ("[I]ndividual employees cannot be personally liable under Title VII." (citing *Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997))). But Title VII claims may be brought against employee-supervisors in their capacities as agents of the employer. *See Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) ("The District Court properly decided that Vallejo could be liable only in his capacity as an employee

8

of Wal-Mart and that the damages assessed against Vallejo were properly imposed upon the 'common employer' of Bales and Vallejo."); *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995) (recognizing consensus among courts that employees may be sued in "official capacity" as an employee or agent of the employer under Title VII, but liability "can be imposed only upon the common employer of the plaintiff and of the individual fellow employees who are named as defendants"); *see also Walpole v. Univ. of Ark.*, 2007 WL 4365533, at *1 (E.D. Ark. Dec. 10, 2007) ("[W]hile . . . supervisors cannot be held personally liable for damages resulting from Title VII violations, they can be individually named as parties as the agents and representatives of the employer."). Because Plaintiff may bring her remaining claim against Superintendent Adams as an agent of SLPS, the Court declines to dismiss him as a party.

## II.     Motion for More Definite Statement

Defendants also request that the Court order Plaintiff to make a more definite statement as to her gender discrimination claim in Count I. Doc. [12]. They argue that "Count I fails to provide simple, concise, direct allegations that put Defendants on notice of the essential facts of each of Plaintiff's claims and the specific conduct of which Plaintiff complains." Doc. [12] at 2. According to Defendants, "[b]oth the Court and Defendants would benefit from a clearer, concise presentation of the essential facts of Plaintiff's claims, allowing Defendants to file the appropriate responsive pleading to address Plaintiff's purported claims." Doc. [13] at 3. While that might be true, it is not a sufficient basis for granting Defendants' motion.

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when the pleading at issue "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Such a motion is "'not to be used to test the opponent's case by requiring [her] to allege certain facts or retreat from [her] allegations' nor is it to be used 'as a substitute for discovery in trial preparation.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001)). Rule 8's liberal pleading standard requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary" to successfully state a claim under Rule 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Thorp v. District of Columbia*, 309 F.R.D. 88, 90 (D.D.C. 2015) ("In general, the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail." (internal quotation marks omitted)). Because of the liberal notice pleading

9

provided for by the Federal Rules and the availability of discovery, "motions for more definite statement are universally disfavored." *Shelton v. Village of Bel Nor*, WL 3207115, at *5 (E.D. Mo. July 28, 2011); *see also Tinder*, 207 F. Supp. 2d at 959 (collecting cases).

Defendants have not shown that Plaintiff's gender discrimination claim is "so vague or ambiguous that [they] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants note that "based upon . . . Plaintiff's own Complaint, it appears that [Plaintiff's] various allegations were the subject of previous charges of discrimination against Defendants in 2018 and 2019" and that they "are unclear as to what specific actions form the basis of Plaintiff's current purported Title VII gender Discrimination claim as opposed to previous claims embodied in her previous Charges of Discrimination from years ago." Doc. [13] at 2. The temporal specificity of that argument is itself evidence that the complaint is not so vague or ambiguous that Defendants cannot reasonably respond to it. In fact, Plaintiff's complaint is far from unintelligible. "To the extent Defendants have any questions about the complaint, the information is more readily available through discovery." *Tinder*, 207 F. Supp. 2d at 960. The motion for a more definite statement is denied. Defendants are ordered to answer Plaintiff's complaint, Doc. [1], as to her remaining claim in Count I within fourteen (14) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [10], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for More Definite Statement, Doc. [12], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendants shall **ANSWER** Plaintiff's Complaint, Doc. [1], as to her remaining claim in Count I within fourteen (14) days of the date of this Order.

Dated this 29th day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE