UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. CASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00478-SEP |
| | ) |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On April 26, 2022, Plaintiff Karen Cason filed this action against Defendants alleging gender discrimination and retaliation under Title VII and the Missouri Human Rights Act (MHRA), a 42 U.S.C. § 1983 claim, and a state law claim of intentional infliction of emotional distress. *See* Doc. [1]. On March 29, 2023, the Court granted Defendant's motion to dismiss Plaintiff's MHRA gender discrimination and retaliation claims, along with her Title VII retaliation claim, § 1983 claim, and intentional infliction of emotional distress claim. *See* Doc. [30]. In that same order, the Court denied Defendant's motion for a more definite statement as to Plaintiff's remaining claim of Title VII gender discrimination. *Id.* On April 30, 2023, Plaintiff filed a motion for reconsideration requesting that the Court reconsider its dismissal of her Title VII retaliation claim. *See* Doc. [39]. For the reasons set forth below, the motion for reconsideration is denied.

### LEGAL STANDARD

The Court "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). Rule 60(b) provides in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990. If a party does no more than present the same argument a second time, that "ground alone is sufficient" to deny the motion. *Id.*

1

#### DISCUSSION

In her motion for reconsideration, Plaintiff asks the Court to reconsider its dismissal of her Title VII retaliation claim because "she does indeed allege that she believes she was retaliated and discriminated against because of her race, age, and sex, and that her position was re-assigned to a 50-year old Black male." Doc. [39] at 2. But the Court addressed that argument in its March 29, 2023, Order. *See* Doc. [30] at 6. Because Plaintiff does "nothing more than reargue somewhat more fully, the merits of [her] claim," the Court rejects her attempt to attempt to clarify her argument. *Broadway*, 193 F.3d at 989-90; *see also id.* at 990 (Rule 60(b) is "not a vehicle for simple reargument on the merits").

Plaintiff also attaches to her motion a "questionnaire" that she claims "was attached to the [EEOC Charge] and explicitly states that race, retaliation, age, and sex discrimination under Title VII was the basis of her charge." Doc. [39] at 2; *see also* Doc. [39-2]. According to Plaintiff, the questionnaire indicates that she "complained constantly to several named school board members about the retaliation" she experienced and that "the adverse employment taken against [her] was her termination on June 3, 2021." *Id.* at 2-3. No such questionnaire was attached to the Complaint, Doc. [1], or to Plaintiff's response to Defendant's motion to dismiss, Doc. [14]. Plaintiff does not argue that the questionnaire is "newly discovered," such that it might be appropriate for the Court's consideration on a motion for reconsideration. *Arnold*, 627 F.3d at 721. The Court again rejects Plaintiff's improper attempt to use a motion for reconsideration as a vehicle to supplement arguments she has already made. *See Broadway*, 193 F.3d at 989-90.[1] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen Cason's Motion for Reconsideration, Doc. [39], is **DENIED**.

Dated this 5th day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also attaches her Missouri Commission on Human Rights (MCHR) Notice of Right to Sue, *see* Doc. [39-1], and claims that she did not attach it to the Complaint because it "was not issued until July 22, 2022, more than six (6) months after [she] filed her Charge of Discrimination with the EEOC and MCHR, and more than three (3) months after the Complaint was filed." Doc. [39] at 2; *see also* Doc. [39-1]. Plaintiff's MHRA claims were dismissed because she failed to file her charge of discrimination with the MCHR within the requisite 180-day timeframe. *See* Doc. [30] at 4-5. The MCHR Notice of Right to Sue does not affect that conclusion. Thus, to the extent Plaintiff asks the Court to reconsider its dismissal of her MHRA claims, the Court denies her request. *See Broadway*, 193 F.3d at 990.