# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN A. CASON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-00478-SEP |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Karen Cason's Third Motion to Extend Discovery Deadline and Amended Third Motion to Extend Discovery Deadline, Doc. [65], [66]. For the reasons set forth below, the motions are denied.

### LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If a party's request to modify the schedule is late, the party must also show that she "failed to act because of excusable neglect." *Id.* at 6(b)(1)(b). "A 'district court has broad discretion in establishing and enforcing the deadlines.'" *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). "'The primary measure of good cause is the movant's diligence' in attempting to meet deadlines." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

### DISCUSSION

Plaintiff has not demonstrated either good cause or excusable neglect in her Third Motion to Extend Discovery Deadline. Under the Third Amended Case Management Order, the parties were required to complete all discovery by November 3, 2023. Doc. [64]. Plaintiff's motion was filed on November 17, 2023, two weeks after that deadline. Doc. [65]. The motion does not provide any explanation for the delay. If Plaintiff were being diligent in her efforts to comply with the Court's deadlines, she would have filed a timely motion to extend discovery. The failure to comply with the standards in Federal Rules of Civil Procedure 6 and 16 is sufficient reason for denying the motion.

But in addition to the tardiness, Plaintiff's counsel has repeatedly ignored the Court's orders and Local Rules for managing discovery. In the Order granting Plaintiff's first extension of the

discovery deadline, Plaintiff was "reminded to meet and confer before filing motions for extensions of time in order to avoid unnecessary court intervention." Doc. [45]. But Plaintiff's counsel did not meet and confer before filing the second motion to extend discovery. *See* Doc. [57]. During the in-person status conference held to address that motion, the Court again reminded Plaintiff's counsel that she must confer with Defendants before filing any discovery-related motions. Despite those repeated warnings, Plaintiff's counsel failed to comply with that requirement in her third motion. That failure to comply with the Court's orders and Local Rules also justifies denying the motion. *See* E.D. Mo. L.R. 3.04 ("The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Third Motion to Extend Discovery Deadline, Doc. [65], and Amended Third Motion to Extend Discovery Deadline, Doc. [66], are **DENIED**.

Dated this 1st day of February, 2024.

                                                                                         *Sarah E. Pitlyk*
                                                                                         SARAH E. PITLYK
                                                                                         UNITED STATES DISTRICT JUDGE