UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. CASON, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 4:22-cv-00478-SEP |
| | ) |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motions for Summary Judgment, Docs. [67], [70]. For the reasons set forth below, Plaintiff's is ordered to show cause as to why the Court should not (1) accept as true all facts in Defendant Kelvin Adams's Statement of Undisputed Material Facts, Doc. [68], and (2) dismiss the claims against Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools for failure to prosecute.

### DISCUSSION

Defendant Kelvin Adams and Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools (collectively "SLPS") filed motions for summary judgment on December 1, 2023. *See* Docs. [67]-[72]. On December 15, 2023, Plaintiff filed a response to Defendant Adams's Motion for Summary Judgment. Doc. [73]. Plaintiff did not respond to Adams's Statement of Undisputed Material Facts, Doc. [68]. Under Federal Rule of Civil Procedure 56(c)(1):

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

And under Rule 56(e):

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

1

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

The Eastern District of Missouri's Local Rules provide additional instructions:

> Every memorandum in opposition [to a motion for summary judgment] must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts."  The Response must set forth each relevant fact as to which the party contends a genuine issue exists.  The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies.  The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts.  **All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.**

E.D. Mo. L.R. 4.01(E) (emphasis added).

Plaintiff did not comply with these rules in her response to Defendant Adams's Motion for Summary Judgment.  Therefore, Plaintiff must show cause why the Court should not deem all the facts in Defendant Adams's Statement of Undisputed Material Facts, Doc. [68], admitted for the purposes of evaluating Adams's motion.

Plaintiff filed no response at all to SLPS's Motion for Summary Judgment.  In the last status conference, Plaintiff's counsel was warned that failure to comply with the Court's orders and rules could result in dismissal of her client's claims for failure to prosecute.  *See* Doc. [61]; *see also* Fed. R. Civ. Pro. 41(b).  Plaintiff must therefore show cause as to why her claims against SLPS should not be dismissed for failure to prosecute.

If Plaintiff fails to respond to this Order by Monday, February 19, 2024, the Court will deem admitted all facts in Defendant Adams's Statement of Undisputed Material Facts, Doc. [68], and will dismiss Plaintiff's claims against St. Louis Public Schools and Board of Education of St. Louis Public Schools.

Accordingly,

**IT IS HEREBY ORDERED** that, **no later than February 19, 2024**, Plaintiff must show cause as to why the Court should not accept as undisputed all facts in Defendant Kelvin

2

Adams's Statement of Undisputed Material Facts, Doc. [68]. Failure to comply with this Order will result in the Court accepting all such facts as undisputed.

      **IT IS FURTHER ORDERED** that, <u>**no later than February 19, 2024**</u>, Plaintiff will show cause as to why the Court should not dismiss the claims against Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools for failure to prosecute. Failure to comply with this order will result in dismissal of Plaintiff's claims against St. Louis Public Schools and Board of Education of St. Louis Public Schools.

      Dated this 5th day of February, 2024.

                                                             SARAH E. PITLYK
                                                             UNITED STATES DISTRICT JUDGE