UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. CASON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00478-SEP |
| | ) |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Untimely Responses to Statement of Facts, Doc. [79]. Because the disputed filing is not a pleading, the motion is denied.[1] But, for the reasons set forth below, the facts in Defendant Kelvin Adams's Statement of Undisputed Material Facts are deemed admitted for the purposes of his Motion for Summary Judgment, and the claim against Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools is dismissed for failure to prosecute.

### DISCUSSION

On February 5, 2024, the Court ordered Plaintiff to show cause as to why the Court should not (1) accept as undisputed all facts in Defendant Kelvin Adams's Statement of Undisputed Material Facts and (2) dismiss the claim against Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools (collectively "SLPS") for failure to prosecute. Plaintiff failed to show cause as to either.

---

[1] Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is properly directed only to material contained in pleadings." *Khamis v. Bd. of Regents, Se. Mo. State Univ.*, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2013) (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)). The filings that Defendants seek to strike are not pleadings; they are memoranda responding to Defendant Adams's Motion for Summary Judgment. Courts in the Eighth Circuit have generally not permitted parties to attack such non-pleadings through motions to strike. *See, e.g.*, *Pollock v. Kallis*, 2021 WL 799460, at *5 (D. Minn. Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 1118051 (D. Minn. Mar. 24, 2021), *aff'd*, 858 Fed. App'x 205 (8th Cir. 2021) (unpublished) (exhibits attached in support of habeas corpus petition are not pleadings and may not be stricken); *Shea v. Peoples Nat. Bank*, 2013 WL 74374, at *1-*2 (E.D. Mo. Jan. 7, 2013) (collecting cases); *Khamis*, 2010 WL 1936228, at *1 (an exhibit attached to a memorandum "is not a pleading and cannot be attacked with a motion to strike"); *see also Milk Drivers Loc. Union No. 387 v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2003) ("Pleadings include complaints, answers, replies to counterclaims, answer to cross-claims, third-party complaints, and third-party answers. Therefore, a motion to strike a motion for summary judgment is inappropriate and should be denied.") (internal citations omitted) (collecting cases). Accordingly, the Court will not strike the filings. For the reasons set forth in this Memorandum and Order, the Court will not consider them when evaluating Defendant Adams's Motion for Summary Judgment.

1

I.  **The facts in Defendant Adams's Statement of Undisputed Material Facts are considered undisputed for the purposes of the Motion for Summary Judgment**.

Plaintiff failed to show cause why the Court should not deem the facts in Defendant Adams's Statement of Undisputed Material Facts admitted for the purposes of evaluating the Motion for Summary Judgment. As the Court explained in the February 5, 2024, Memorandum and Order, the Federal Rules of Civil Procedure and Eastern District of Missouri Local Rules require the party opposing summary judgment to respond to the moving party's statement of material facts. *See* Doc. [76] (citing Fed. R. Civ. Pro. 56(c); E.D. Mo. L.R. 4.01(E)). Plaintiff filed a "Response to Defendant Kelvin Adam's [sic] Motion for Summary Judgment," but she did not include a statement of material facts or a response to Adams's statement of facts. *See* Doc. [73].

In response to the Court's Order, Plaintiff filed two documents titled "Response to Defendant Kelvin Adam's [sic] Statement of Undisputed Material Facts in Support of His Motion for Summary Judgment." Docs. [77], [78]. Neither filing gives any explanation for Plaintiff's failure to comply with the Federal Rules of Civil Procedure or the Court's Local Rules. The show cause order was not permission to file a belated response to the statement of facts. Plaintiff was required to *show cause* why she *should be* allowed to do so. As Defendants argue in their Motion to Strike, Plaintiff "is not a *pro se* party without the ability to understand the relevant rules of procedure." Doc. [79] at 2. Plaintiff has been represented throughout the litigation, and Plaintiff's counsel is "a licensed attorney who previously served as an Associate Circuit Judge in St. Clair County, Illinois." *Id.*

Because of Plaintiff's failure to comply with the Court's February 5, 2024, Memorandum and Order, Eastern District of Missouri Local Rule 4.01(E), and Federal Rule of Civil Procedure 56, the Court will not consider Plaintiff's responses filed at Docs. [77] and [78] when evaluating Adams's Motion for Summary Judgment. *See, e.g.*, *R.A.D. Servs. LLC v. State Farm Fire & Cas. Co.*, 60 F.4th 408, 412 (8th Cir. 2023) ("The district court here did not abuse its discretion by striking the exhibits filed in violation of the local rules."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. Pro. 56(e). Accordingly, the facts in Defendant Adams's Statement of Undisputed Material

Facts, Doc. [68], will be considered undisputed for the purposes of the motion. The Court will rule on Adams's Motion for Summary Judgment in a separate memorandum and order.

## II.     Plaintiff's claim against SLPS is dismissed for failure to prosecute.

Plaintiff has failed to prosecute her claim against Defendants St. Louis Public Schools and the Board of Education of St. Louis Public Schools. On May 11, 2023, SLPS filed a Motion for Partial Judgment on the Pleadings. Doc. [46]. Plaintiff did not respond to that motion. As the case progressed through discovery, Plaintiff's counsel repeatedly ignored the Court's orders and Local Rules for managing discovery. In the Court's Memorandum and Order dated February 1, 2024, the Court denied Plaintiff's Third Motion to Extend Discovery Deadline because of Plaintiff's failures to (1) file timely motions, (2) comply with the Court's orders, and (3) comply with the Court's Local Rules. *See* Doc. [75].

After the close of discovery—and in accordance with the timelines in the Amended Case Management Order—SLPS filed a Motion for Summary Judgment. Doc. [70]. Plaintiff did not respond to the motion. To avoid punishing Plaintiff for her attorney's failures, the Court gave Plaintiff an additional opportunity to respond to SLPS's Motion for Summary Judgment. In the Memorandum and Order dated February 5, 2024, the Court explained:

> Plaintiff filed no response at all to SLPS's Motion for Summary Judgment. In the last status conference, Plaintiff's counsel was warned that failure to comply with the Court's orders and rules could result in dismissal of her client's claims for failure to prosecute. *See* Doc. [61]; *see also* Fed. R. Civ. Pro. 41(b). Plaintiff must therefore show cause as to why her claims against SLPS should not be dismissed for failure to prosecute.
>
> If Plaintiff fails to respond to this Order by Monday, February 19, 2024, the Court will . . . dismiss Plaintiff's claims against St. Louis Public Schools and Board of Education of St. Louis Public Schools.

Doc. [76] at 2. Plaintiff did not respond to the Order as it related to SLPS. The claim against Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools is therefore dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Untimely Responses to Statement of Facts, Doc. [79], is **DENIED**.

3

**IT IS FURTHER ORDERED** that the facts in Defendant Adams's Statement of Undisputed Material Facts, Doc. [68], will be considered undisputed for the purposes of Adams's Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that the claim against Defendants St. Louis Public Schools and Board of Education of St. Louis Public Schools is dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will issue.

**IT IS FINALLY ORDERED** that St. Louis Public Schools and Board of Education of St. Louis Public Schools' Motion for Partial Judgment on the Pleadings, Doc. [46], and Motion for Summary Judgment, Doc. [70], are **DENIED AS MOOT**.

Dated this 20th day of March, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE