UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN A. CASON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00478-SEP |
| | ) |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Kelvin Adams's Motion for Summary Judgment, Doc. [67]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

After she was terminated from her job as an Administrative Review Officer for the St. Louis Public School District, Plaintiff Karen Cason filed this suit against Defendants St. Louis Public Schools, Board of Education of St. Louis Public Schools (collectively "SLPS"), and Superintendent Kelvin Adams. She brought claims for (1) gender discrimination under Title VII and the Missouri Human Rights Act (MHRA), (2) retaliation under Title VII and the MHRA, (3) violation of 42 U.S.C. § 1983, and (4) a state law claim for intentional infliction of emotional distress. Doc. [1]. The Court dismissed all of Plaintiff's claims except for the Title VII gender discrimination claim in Count I. Doc. [30].

After discovery was complete, SLPS and Adams filed motions for summary judgment. Docs. [67], [70]. Plaintiff filed a response to Defendant Adams's motion, Doc. [73], but did respond to Adams's Statement of Undisputed Material Facts (SUMF) as required by Federal Rule of Civil Procedure 56(c)(1) and Eastern District of Missouri Local Rule 4.01(E). Plaintiff did not file any response to SLPS's motion. The Court ordered Plaintiff to show cause as to why the Court should not (1) accept as undisputed all facts in Adams's SUMF and (2) dismiss the claim against SLPS for failure to prosecute. Doc. [76]. In response to the Court's Order, Plaintiff filed two documents that were both titled "Response to Defendant Kelvin Adam's [sic] Statement of Undisputed Material Facts in Support of His Motion for Summary Judgment." Docs. [77], [78]. Plaintiff did not respond to the show cause order as it related to SLPS, so that claim was dismissed for failure to prosecute. *See* Doc. [80]. Neither of Plaintiff's filings gave

1

any good cause or excusable neglect for her failure to comply with the Federal Rules of Civil Procedure or the Court's Local Rules. Accordingly, as authorized by Federal Rule of Civil Procedure 56(e), the following facts are undisputed for the purposes of Adams's motion. *See* Doc. [80].

Defendant Adams was Superintendent of the St. Louis Public School District from 2008 until his retirement in 2022. *See* Doc. [68] ¶ 2. Due to declining enrollment, Adams recommended that the School Board close 11 schools in 2021, and the Board of Education voted to close eight. *Id*. ¶¶ 10-11. Around that time, Adams "conducted a review of the various departments that reported to him at the District's Central Office to determine whether any positions should be cut." *Id*. ¶ 12. "[E]ach department at the Central Office was discussed and examined in terms of how each department could best effectively support the District." *Id*. ¶ 13. "As a result of his review, Dr. Adams wrote the 2021-2022 Central Office Reorganization Plan, in which he identified reductions in staff and other changes to positions across seven (7) departments in the Central Office," including "eliminating the Administrative Review Officer position, held by Plaintiff, because of reduced conferences post-pandemic." *Id*. ¶¶ 14-16. Adams "recommended reassigning the responsibility for the conferences to the Network Superintendents in an effort to focus on restorative justice and in an effort to put the Network Superintendents closer to the decisions made at a school." *Id*. ¶ 16. Because the "Superintendent does not have the authority to enact a reduction in force," Adams had to submit his recommendation to the Board of Education for approval. *Id*. ¶ 17. The Board "voted in favor of the Reorganization Plan," and "Plaintiff was terminated in June 2021, as a part of the Reorganization Plan, along with several other employees." *Id*. at 18-20. Plaintiff filed a Charge of Discrimination related to her termination in December of 2021, received her right to sue letter in early 2022, and filed this suit in April 2022. *Id*. ¶¶ 22-26.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable

2

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (alteration in original) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, 528 F.3d 1074, 1079 (8th Cir. 2008)). "A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The evidence must be viewed "in the light most favorable to, and making all reasonable inferences for, the nonmoving party." *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 404 (8th Cir. 2013). But the "nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

## DISCUSSION

Defendant Adams argues that he is entitled to summary judgment because (1) Plaintiff failed to exhaust her administrative remedies by failing to name Defendant Adams in her Equal Employment Opportunity Commission charge, (2) there is no individual liability for supervisors under Title VII, (3) Plaintiff cannot establish a prima facie case for Title VII gender discrimination; and (4) Defendants had a legitimate, non-discriminatory reason for her termination. Doc. [67] ¶¶ 2-4. Because the Court agrees with Defendant Adams on points (2) and (4), it does not reach (1) and (3).

**I.    Defendant Adams is not liable under Title VII in his individual capacity.**

Defendant Adams points out that Title VII does not provide for individual liability for supervisors. The Eighth Circuit "has squarely held that supervisors may not be held individually

3

liable under Title VII." *Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997)). So to the extent that Plaintiff brings a Title VII action against Defendant Adams in his individual capacity, Defendant Adams is entitled to summary judgment.

"[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (quoting "*Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995)). It is normally appropriate to dismiss duplicative claims against an employee in his official capacity when the same claims have been asserted against the employer. *See Coller v. Mo. Dep't of Econ. Dev.*, 965 F. Supp. 1270, 1275 (W.D. Mo. 1997); *Ivy v. Saint Louis Cmty. Release Ctr.*, 2021 WL 2187909, at *3 (E.D. Mo. May 28, 2021) (defendant was "entitled to judgment as a matter of law on any Title VII claim against her in her individual capacity"). The procedural background of this case makes that course of action more complicated. Because the Title VII claim against SLPS was dismissed for failure to prosecute, the Title VII claim against Defendant Adams in his official capacity is not duplicative of any existing claim against Plaintiff's employer. But the Court need not consider all the implications of that procedural oddity, because Plaintiff's official capacity claim against Defendant Adams fails for another reason: Adams and SLPS had a legitimate, non-discriminatory reason for terminating her.

**II.    Plaintiff was terminated for a legitimate, non-discriminatory, non-pretextual reason.**

"At summary judgment, claims based on indirect evidence must satisfy a prima facie case of discrimination." *Johnson v. Westinghouse Air Brake Techs. Corp.*, 104 F.4th 674, 677 (8th Cir. 2024) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). To establish a prima facie case for a Title VII gender-discrimination claim Plaintiff "must show that she: '(1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class.'" *Rebouche v. Deere & Co.*, 786 F.3d 1083, 1087 (8th Cir. 2015) (quoting *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013)). If she meets her burden, the burden shifts to Defendant Adams to articulate "a legitimate, non-discriminatory, non-pretextual reason for [Plaintiff's] termination."

4

*Boston v. TrialCard, Inc.*, 75 F.4th 861, 867 (8th Cir. 2023).

It is "unnecessary to decide whether [Plaintiff] has established a prima facie case of discrimination," because Defendant Adams presented a legitimate—and unrebutted—reason for her termination. *Id*. Plaintiff's termination was part of "the 2021-2022 Central Office Reorganization Plan," created after Adams's "review of the various departments that reported to him at the District's Central Office to determine whether any positions should be cut." Doc. [68] ¶¶ 12, 15. "Dr. Adams recommended eliminating the Administrative Review Officer position, held by Plaintiff, because of reduced conferences post-pandemic. Dr. Adams recommended reassigning the responsibility for the conferences to the Network Superintendents in an effort to focus on restorative justice and in an effort to put the Network Superintendents closer to the decisions made at a school." Doc [68] ¶ 16. And "Plaintiff was terminated in June 2021, as a part of the Reorganization Plan, along with several other employees." *Id*. ¶ 20.

Those undisputed facts provide a "a legitimate, non-discriminatory" reason for Plaintiff's termination, and Plaintiff produced no evidence suggesting that it was pretextual. *Boston*, 75 F.4th at 867. Defendant Adams is therefore entitled to summary judgment on Count I.

**III.    Plaintiff's Rule 59(e) motion is meritless.**

Throughout this litigation, Plaintiff's counsel had repeatedly failed to comply with deadlines, the Court's orders, and the Local Rules. *See* Docs. [45], [75], [76], [80]. After the Court dismissed Plaintiff's claim against SLPS and ordered the facts in Defendant Adams's SUMF undisputed because of one such failure, Doc. [80], Plaintiff filed a "Motion to Reconsider the March 20, 2024, Memorandum and Order and Order of Dismissal Pursuant to Fed. R. Civ. P. 59(e). Doc. [82]. The motion lacks merit.

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Plaintiff submits two bases for her motion. First, she argues that she was not given time to respond to Defendants' Motion to Strike Plaintiff's Untimely Responses to Statement of Facts, Doc. [79]. That claim is baseless. Plaintiff relies on Federal Rule of Civil Procedure 7(d) to calculate her response deadline. There is no Federal Rule of Civil Procedure 7(d). The text quoted by Plaintiff is from

5

the procedural rules for the United States Court of International Trade. *See* U.S. Ct. Int'l Trade R. 7(d), www.cit.uscourts.gov/sites/cit/files/Rule%2007.pdf. Her argument also misses the point that the Court's March 20th Order was based on Plaintiff's response to the Court's show cause order, not on Defendants' Motion to Strike.

Plaintiff's second ground for the motion is "newly discovered evidence" from another discrimination case against St. Louis Public Schools. That case, *Spivey v. St. Louis Public Schools*, was tried in June 2023—well before the close of discovery and the Court's March 20th Order. *See Spivey v. St. Louis Pub. Schs.*, No. 1822-CC11868 (Mo. Cir. Ct. June 27, 2023) (Mo. Case.net). Plaintiff fails to explain why she was unable to timely submit the "new evidence" from that case in response to Defendants' motions for summary judgment. Moreover, the existence of that evidence does not affect the Court's March 20th Order, which was based on Plaintiff's failure to show cause, not the substance of Defendants' motions.

Because Plaintiff points to no manifest error or law or fact or newly discovered evidence, the motion for reconsideration is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kelvin Adams's Motion for Summary Judgment, Doc. [67], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider the March 20, 2024, Memorandum and Order and Order of Dismissal Pursuant to Fed. R. Civ. P. 59(e), Doc. [82], is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for the Court to Grant Her Motion to Reconsider the March 20, 2024, Memorandum and Order and Order of Dismissal Pursuant to Fed. R. Civ. P. 59(e), Doc. [86], is **DENIED as moot**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 29th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE