**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN A. CASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:22-cv-00478-SEP |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Kelvin Adams's Motion for Costs as the prevailing party in this suit.  Doc. [89].  Plaintiff Karen Cason has not responded, and the time for doing so has passed.  For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

A final judgment was entered in favor of Defendant Adams on August 29, 2024.  Doc. [88].  Defendant filed a Motion for Costs on September 19, 2024.  Doc. [89].  In the Motion, Defendant requests $3,104.75, which consists of the fees for the transcripts and video recordings associated with the depositions of Plaintiff, Defendant, and non-party witness Dr. Rose Howard.  Doc. [90] at 1-2.  Along with the Motion for Costs, Defendant has submitted a bill of costs on the Court's standard form, an affidavit itemizing the requested costs, and four invoices showing the expenses Defendant incurred from the three depositions.  Docs. [91], [91-1].

### LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  Federal statute provides that the following six expenses are taxable as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920.

A district court has broad discretion over awarding costs to a prevailing party. *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citation omitted). However, "[f]ederal courts are bound by the limitations set out in section 1920." *168th & Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007) (quoting *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)). "A prevailing party is presumptively entitled to recover all of its [taxable] costs." *Id.* (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). Indeed, "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) (citation omitted).

## DISCUSSION

As the prevailing party, Defendant seeks $3,104.75 in fees for printed and electronically recorded transcripts necessarily obtained for use in the case. Plaintiff has not objected to the nature or amount of these costs, and such costs are authorized under § 1920. *See* 28 U.S.C. § 1920(2) (district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"); *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) ("[T]he costs of video depositions are included under § 1920."). After reviewing Defendant's Motion for Costs and related evidentiary materials, the Court finds that the requested costs were reasonably incurred and are recoverable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Adams's Motion for Costs, Doc. [89], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiff Cason and in favor of Defendant Adams in the amount of $3,104.75.

Dated this 22nd day of April, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2